THE BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, PLAINTIFF-PROSECUTOR IN CERTIORARI, v. CHESLEY HUTCHIN, DEFENDANT-DEFENDANT IN CERTIORARI.

Submitted May 16, 1931—Decided May 9, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *William A. Stevens,* attorney-general, and *Robert Peacock,* assistant attorney-general.

For the defendant, *Carl Kisselman.*

PER CURIAM.

The plaintiff below demanded of the defendant "the sum of fifty dollars, one penalty for violation of section two of an act of the legislature of the State of New Jersey entitled 'An act to regulate the practice of pharmacy in this state,' approved March nineteenth, nineteen hundred and one, for that whereas, heretofore, to wit, on the eighteenth day of March, nineteen hundred and thirty, at Gloucester, in the county of Camden and State of New Jersey, said Chesley Hutchin was the owner and proprietor of a certain store, and that whereas, one Raymond Hutchin being on said last mentioned day in the employ of said defendant, at said store, did on said last mentioned day retail and dispense drugs, medicines and poisons, to wit, the said Raymond Hutchin

did retail and dispense unto one Howard W. Gardner, of the city of Newark, county of Essex and State of New Jersey, twenty-five cents worth of a drug and medicine known as 'Essence of Peppermint' and twenty cents worth of a drug and medicine known as 'Sweet Spirits of Nitre,' the said Raymond Hutchin not being then and there a registered pharmacist or a registered assistant of the State of New Jersey, within the meaning of said act, nor did the said Raymond Hutchin then and there retail and dispense said drugs and medicines under the immediate supervision of a registered pharmacist of the State of New Jersey, contrary to and in violation of said section two of said act; whereby the said Chesley Hutchin has incurred the penalty of fifty dollars, pursuant to the provisions of section seven of said act, as said section was amended by an act approved April twenty-ninth, nineteen hundred and twenty-nine."

This writ brings up for review the proceedings and judgment for the defendant entered upon the verdict of a jury in the Camden City District Court.

The only question raised on this record is whether or not the judge should have directed a verdict for the state board.

It is claimed that he should have done so because there was no dispute in the evidence that the employe sold the essence of peppermint and sweet spirits of nitre, and that they were medicines.

The sole contention of the defendant was and is that these were not medicines, and that there was testimony tending to show they were not medicines.

Expert witnesses called by the board testified that sweet spirits of nitre is a medicine and prescribed by doctors to produce sweating, to allay fever, to dilate the blood vessels to lower high blood pressure; that essence of peppermint is a medicine, and is prescribed by physicians as a carminative for the expulsion of gas from the stomach and as a local anesthetic action to overcome nausea.

We do not find any testimony that they were not medicines. The defendant said that he kept essence of peppermint and sweet spirits of nitre for flavoring and as household remedies.

We think it is immaterial for what purpose he kept them and that the testimony had no tendency to show that they were not medicines. True, one S. H. Foulks (not a physician) testified that essence of peppermint he classed as a household remedy, and that it could be used for flavoring, and that, if it was sold for flavoring, he would say that it was not medicine although doctors used it as a medicine. All that he had to say about sweet spirits of nitre was that it is used for the relief of temporary physical inconvenience or pain and that it could be used to reduce fever and for dilating blood vessels.

We think the only rational inference to be drawn from the evidence in this case was that these articles were medicines, and that required the direction of a verdict for the state board.

The defendant says that section 2 of the Pharmacy act (*Comp. Stat., p.* 3944) is unconstitutional because it is unreasonably discriminatory because of this language contained in section 9 of the act: "And nothing in this act shall be construed to apply to or in any manner interfere * * * with the sale of simple non-poisonous domestic remedies by retailers in rural districts."

It seems to us that the act is not unreasonably discriminatory in that regard, and moreover in this case there certainly was no interference with the sale of simple non-poisonous domestic remedies by a retail dealer *in a rural district,* for this sale was made not in a rural district, but at 711 Market street, Gloucester City, and so the defendant is not concerned with the provision of the act upon which he relies.

Because of failure of the trial judge to direct a verdict for the board on the undisputed evidence at the trial, the judgment under review will be reversed, and a new trial awarded—costs to abide the event.